IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARY ANN O'NEAL, BEVERLY WILKINS,
and BEVERLY STEWART,**

           **Plaintiffs,**

**v.**                                                 **CIV. No. 97-261 JP/DJS**

**DONNA SHALALA, SECRETARY OF
THE DEPARTMENT OF HEALTH AND
HUMAN SERVICES,**

           **Defendant.**

## MEMORANDUM OPINION AND ORDER

At a pretrial conference on January 11, 1999, Leo O'Neal and Charles Gurd represented the Plaintiffs, and Ron Ross and Amy Weiser represented the Defendant.

At the pretrial conference I stated that Plaintiffs' Objection to Magistrate's Order (Doc. No. 92) and their Motion to Renew Objection to Magistrate's Order (Doc. No. 116) should be denied because Magistrate Judge Svet's rulings were neither clearly erroneous nor contrary to law. I stated that Defendant must submit the background check on Frank Canizales to the court for *in camera* inspection regarding its relevance to this case. In addition, I suggested that Plaintiffs may, if they choose, depose Ms. Karen Ware and subpoena local records. If Plaintiffs have further questions, they may then pursue the Rule 30(b)(6) deposition of Ms. Skupien, which would take place in Rockville, Maryland.

In their Supplemental Complaint, Plaintiffs allege that Defendant hired Dr. Scott Bingham as Acting Chief of the Mental Health/Social Services Program, thereby eliminating Plaintiff O'Neal's authority as Acting Chief, and also eliminated O'Neal's authority as Deputy Chief of the Mental Health/Social Services program. At the hearing I stated that if Plaintiff O'Neal had intended to state a claim of gender based discrimination by those allegations, that claim should be dismissed for failure to exhaust administrative remedies. Plaintiff O'Neal failed to show, either through the briefs or at the pretrial conference, that she ever filed an administrative complaint regarding those allegations.

The Tenth Circuit has ruled that when an employee seeks judicial relief for incidents not listed in his administrative complaint, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations contained in the administrative complaint to the Agency. Jones v. Runyon, 91 F.3d 1398, 1400 (10th Cir. 1996) (quoting Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir.1994)). In this case, all of O'Neal's earlier administrative complaints dealt with the harassing behavior of Frank Canizales and Defendant's periodic decisions to allow Canizales to enter the building in which O'Neal worked for meetings. The personnel decisions of which O'Neal complains—the hiring of Dr. Bingham as Acting Chief and the elimination of O'Neal's authority—are not like or reasonably related to the administrative complaints about Frank Canizales. Consequently, Defendant's Motion to Dismiss should be granted as to O'Neal's claim of gender based discrimination, if she was attempting to assert such a claim.

I deferred ruling on the remainder of the issues in Defendant's Motion to Dismiss (Doc. No. 105) and Defendant's Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint

(Doc. No. 109). Those issues are discussed below.

**Motion to Dismiss**

The requirements for exhaustion of administrative remedies by federal employees asserting claims of discrimination under Title VII are clearly set out in the Code of Federal Regulations. The aggrieved employee must first contact an EEOC counselor within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105 (a)(1). If the counselor and the employee are not able to resolve the matter, the counselor will send the employee a notice informing her of her right to file a complaint with the agency. 29 C.F.R. § 1614.105(d). Generally, the employee has 15 days after *receiving* this notice to file a complaint with the agency. 29 C.F.R. § 1614.106(b). The agency then investigates the complaint and issues a final agency decision. 29 C.F.R. §§ 1614.108, 1614.110. The employee has 90 days after *receiving* the final agency decision to file a lawsuit in federal district court. Belhomme v. Widnall, 127 F.3d 1214, 1216 (10th Cir. 1997).

**A.    Plaintiff O'Neal**

On June 25, 1993 Plaintiff O'Neal contacted an EEO counselor regarding harassment by Frank Canizales. O'Neal timely filed an administrative complaint, and by letter dated November 20, 1996, Defendant issued its final agency decision informing O'Neal of its finding of no discrimination and her right to file a lawsuit within 90 days. Plaintiff filed her complaint in this court on February 27, 1997. Thus, in order for O'Neal's complaint to be timely, she must have *received* the final agency decision no earlier than November 29, 1996.

The Tenth Circuit has held that "[i]n the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of a right to sue letter constitutes receipt sufficient

to start the running of the time period for filing a discrimination action." Million v. Frank, 47 F.3d 385, 388 (10th Cir. 1995). In so holding, the Tenth Circuit cited with approval a Fourth Circuit case finding that the filing period was triggered by the delivery to the plaintiff of notice that she could pick up her right to sue letter at the post office, rather than by her picking up the letter five days later. Id. (citing Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993)). This rule prevents a plaintiff from intentionally postponing picking up a final agency decision in order to extend the limitations period.[1]

The evidence in this case indicates that the final agency decision was initially received by R. Garcia, a clerk at the postal station to which Defendant mailed Plaintiff's final agency decision. We do not know the date that the postal station received the final agency decision because the "date" field on the return receipt is blank. In addition, we do not know the date the postal station notified O'Neal of the letter's arrival. In essence, there is no conclusive evidence of the date that Plaintiff O'Neal "received" the final agency decision for the purpose of beginning the limitations period.

In the absence of information as to when a plaintiff has received a final agency decision or a right to sue letter, the Supreme Court, relying on Federal Rule of Civil Procedure 6(e), presumes that the notice was received three days after it was mailed. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 fn. 1, 104 S.Ct. 1723, 1724 (1984). Both the Tenth Circuit and various district courts within this circuit have applied this three-day presumption in various contexts. See, e.g., Jarrett v. U.S. Sprint Communications Co., 22 F.3d

---

[1]Under this rule, the date a Plaintiff actually gains possession of or reads a final agency decision is irrelevant. Contrary to Plaintiff O'Neal's argument, the limitations period did not begin to run on December 3, 1996 when her attorney date-stamped the final agency decision.

256, 259 (10th Cir. 1994); Palmer v. Sprint/United Midwest Mgmt. Servs. Co., No. 96-2503-GTV, 1997 WL 383065 (D.Kan. June 18, 1997); Bergman v. Sprint/United Mgmt. Co., 981 F.Supp. 1399, 1402 (D.Kan. 1997).

Defendant sent the final agency decision to O'Neal by certified mail on November 21, 1996.[2] Therefore, I presume that Plaintiff O'Neal received the final agency decision on November 25, 1996 (November 24, 1996 was a Sunday). Under this presumption, Plaintiff O'Neal's complaint was filed more than ninety days after she received the final agency decision, and O'Neal's claims covered by that final agency decision should be dismissed.

## B. Plaintiff Wilkins

### 1. July 29, 1996 final agency decision

On April 14, 1995 Plaintiff Wilkins contacted an EEOC counselor to complain about sexual harassment and reprisal against her from February 1993 through April 13, 1995.[3] Wilkins timely filed an administrative complaint on November 29, 1995. On July 29, 1996 Wilkins received a final agency decision informing her that she had 90 days to file her case in federal district court. Wilkins did not file her judicial complaint until February 27, 1997, almost seven months later. Consequently, Wilkins' claims regarding the events described in her November 29, 1995 administrative complaint are not timely and should be dismissed.

---

[2] Declaration by Michelle Evon Funk, Exhibit 5 to Defendant's Memorandum in Support of Motion to Dismiss.

[3] Plaintiff Wilkins' administrative complaint alleged harassment consisting of events that occurred long before her first EEO counseling session on April 14, 1995. In fact, many of the instances of discrimination or harassment Wilkins complained of took place before June 1993. Plaintiff Wilkins has failed to exhaust administrative remedies for those early incidents because she did not raise those incidents with an EEO counselor within 45 days. However, Wilkins' November 29, 1995 administrative complaint was timely with regard to more recent events.

Plaintiff Wilkins argues that she should be allowed to piggy-back onto Plaintiff O'Neal's complaint via the "single-filing" rule, which provides that where one plaintiff has filed a timely complaint of discrimination with the appropriate administrative agency, other non-filing plaintiffs may join in a later action in federal court if their individual claims arise out of similar discriminatory treatment in the same time frame. Mistretta v. Sandia Corp., 639 F.2d 593-94 (10th Cir. 1980). This argument fails because, as stated above, Plaintiff O'Neal's complaint was not timely filed.

### 2. Plaintiff Wilkins' second EEO contact

On February 12, 1997 Wilkins sought EEO counseling a second time, alleging that she was subjected to sexual harassment and reprisal when, on December 19, 1996, February 12, 1997, and February 20, 1997, Frank Canizales was allowed either to attend a staff meeting or to enter the building in which she works. Wilkins received notice of her right to file an administrative complaint, but never did so. Instead, she filed her complaint in this court on February 27, 1997. Defendant contends that Wilkins therefore failed to exhaust administrative remedies as required by Title VII and its regulations. Plaintiff Wilkins has failed to exhaust administrative remedies with regard to the December 19, 1996; February 12, 1997; and February 20, 1997 incidents, and her claims based on those incidents should be dismissed.

## C. Plaintiff Stewart

### 1. Plaintiff Stewart's first EEO contact

On November 17, 1993, Plaintiff Stewart contacted an EEO counselor to complain that she had heard that Frank Canizales would be allowed to enter the building in which Stewart works. On May 23, 1994, Defendant mailed Stewart a notice of right to file an administrative complaint.

Stewart never filed an administrative complaint. Consequently, Stewart's claims asserted during her November 17, 1993 meeting with the EEO counselor should be dismissed for failure to exhaust administrative remedies.

**2. Plaintiff Stewart's second EEO contact**

On April 18, 1995 Stewart contacted an EEO counselor and, after discussing her concerns with the counselor, agreed to send the counselor additional information in writing. Stewart never did so, despite the counselor's May 19, 1995 letter reminding Stewart to send in the information about her claim. On June 16, 1995, the counselor sent Stewart a letter in which he concluded that Stewart did not wish to pursue her complaint. Plaintiff Stewart failed to exhaust administrative remedies regarding her complaints expressed to the counselor on April 18, 1995, and those claims should be dismissed.

**3. Plaintiff Stewart's third EEO contact**

On November 3, 1995, Stewart contacted an EEO counselor and alleged that on October 19, 1995, Frank Canizales had been allowed to enter the building in which she works in order to attend a meeting. On March 22, 1996 the agency mailed Stewart a notice of her right to file an administrative complaint, but Stewart never did so. Plaintiff Stewart failed to exhaust administrative remedies regarding her complaints expressed at this November 3, 1995 meeting, and those claims should be dismissed.

## Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint

In their Supplemental Complaint, Plaintiffs allege two instances—August 27, 1997 and October 2, 1997—subsequent to the filing of the original Complaint when Defendant permitted

Frank Canizales to enter the building where Plaintiffs work. Plaintiffs contend that IHS officials reassigned Canizales to that same building in November of 1997.[4] In addition, Plaintiffs allege that Defendant appointed Dr. Scott Bingham as Acting Chief of Mental Health, thereby eliminating Plaintiff O'Neal's authority as Acting Chief, and that Defendant deprived O'Neal of her authority as Deputy Chief of Mental Health.

A.      **Timeliness of Plaintiffs' Consolidated Administrative Complaint**

On October 2 and October 3, 1997, Plaintiffs contacted an EEO counselor and complained that they were subjected to a hostile work environment when, on August 27, 1997 and October 2, 1997, Defendant permitted Frank Canizales to enter the building in which the Plaintiffs work. On October 28, 1997 the agency mailed notices to all three Plaintiffs. On October 30, October 31, and November 3, 1997, each Plaintiff in turn received a notice of her right to file an administrative complaint. The notices stated:

> If you file a complaint, it must be . . . filed in person or by mail within 15 calendar days after your receipt of this notice; or if you have an attorney as a representative, the 15 days notice to file a formal complaint, will be within 15 calendar days of their receipt of the counselors [sic] report.

Exhibit 3 to Plaintiffs' Response in Opposition to Defendant's Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint. From this statement, the relevant inquiry is when Plaintiffs' attorney, Butch O'Neal, received the counselor's report.

The evidence shows that the counselor's report arrived at the postal station on November

---

[4]In a Preliminary Injunction entered December 17, 1997, this court enjoined Defendant from placing Frank Canizales at a work station within the building in which Plaintiffs work.

8

7[5], and Butch O'Neal picked up the report on November 10, 1997.[6]  Plaintiffs filed their

consolidated administrative complaint on November 24, 1997.[7]  On March 6, 1998, the

agency–apparently concluding that the complaint was late by erroneously relying upon the dates

that *plaintiffs* received the notices–dismissed the consolidated administrative complaint as untimely

after Plaintiffs failed to provide some reason why the complaint was filed late.

Defendant argues that the Plaintiffs' claims should be dismissed for untimeliness and failure

to exhaust administrative remedies.  Despite the fact that the Defendant initially concluded that

Plaintiffs' consolidated administrative complaint was untimely based on the Plaintiffs' receipt of the

counselor's report, the issue is when Plaintiffs' attorney Butch O'Neal "received" the report.

Although the evidence shows that O'Neal picked up the letter on November 10, 1997, the evidence

also shows that the letter arrived at the postal station on November 7, 1997.  As explained above,

the 15-day limitations period began to run when the postal station informed Butch O'Neal that the

letter had arrived.  There is no evidence as to when that occurred.

Plaintiffs have the burden to show that their filing was timely, Jackson v. Seaboard Coast

Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982), but they have failed to meet that burden.  In the

absence of evidence of when the postal station notified Butch O'Neal of the letter's arrival, I should

---

[5]Exhibit 2 to Defendant's Memorandum in Support of Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint; Exhibit 1 to Defendant's Reply.

[6]Exhibits 1 and 2 to Plaintiffs' Response in Opposition to Defendant's Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint.

[7]Exhibit 1 to Plaintiffs' Response in Opposition to Defendant's Motion for a Partial Dismissal of Plaintiffs' Supplemental Complaint.

presume that Mr. O'Neal received the letter three days after it was mailed: October 31, 1997.[8]  See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 fn. 1, 104 S.Ct. 1723, 1724 (1984).  Under this presumption, the Plaintiffs' administrative complaint was filed nine days late and Plaintiffs' claims based upon the contents of that consolidated administrative complaint should be dismissed.

### B.  Plaintiff O'Neal's exhaustion of administrative remedies

O'Neal never filed an administrative complaint with respect to her claims that the hiring of Dr. Bingham as Acting Chief and the removal of her authority as Deputy Chief were discriminatory. As explained above, I stated at the hearing that Plaintiff O'Neal failed to exhaust her administrative remedies as to those claims, and they should be dismissed.

### Conclusion

Both Defendant's Motion to Dismiss (Doc. No. 105) and Defendant's Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint (Doc. No. 109) should be granted.  Defendant concedes that Plaintiffs have met all the administrative requirements with regard to the final agency decision issued March 20, 1998.  That decision found that Plaintiffs were not discriminated against when Frank Canizales was allowed to enter the building in which they work during November of 1997.  Plaintiffs claims with respect to this event are still viable.

---

[8]Even if we assume that the postal station notified Mr. O'Neal of the report's arrival on November 7, 1997, the November 24, 1997 filing would still be two days late.

IT IS THEREFORE ORDERED that:

(1)  Plaintiffs' Objection to Magistrate's Order (Doc. No. 92) and Motion to Renew Objection to Magistrate's Order (Doc. No. 116) are DENIED;

(2)  Defendant must submit the background check on Frank Canizales for in camera review;

(3)  If Plaintiffs choose to depose Ms. Skupien under Rule 30(b)(6), that deposition will take place in Rockville, Maryland;

(4)  Defendant's Motion to Dismiss (Doc. No. 105) is GRANTED and all of Plaintiffs' claims in their Complaint are dismissed; and

(5)  Defendant's Motion for Partial Dismissal of Plaintiffs' Supplemental Complaint (Doc. No. 109) is GRANTED and all claims in the Supplemental Complaint are dismissed except those arising from the March 20, 1998 final agency decision.

_____
**UNITED STATES DISTRICT JUDGE**