**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

**MARY ANN O'NEAL, BEVERLY WILKINS,**
**and BEVERLY STEWART,**

**Plaintiffs,**

**v.**                                                            **CIV. No. 97-261 JP/DJS**

**DONNA SHALALA, SECRETARY OF**
**THE DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

At a pretrial conference held August 10, 1999, Butch O'Neal and Charles Gurd

represented the Plaintiffs, and Ron Ross and Amy Weiser represented the Defendant.

**I.      Motion to Reconsider**

At the pretrial conference I granted the Plaintiffs' motion to reconsider the dismissal of

Plaintiffs claims that they were subjected to a hostile work environment when, on August 27,

1997 and October 2, 1997, Defendant permitted Frank Canizales to enter the building in which

the Plaintiffs work.[1]  These claims, which were asserted in Plaintiff's Supplemental Complaint,

were in fact made in a timely manner and are now reinstated.

I withheld ruling on the portion of the Plaintiffs' motion in which they asked me to

reconsider the dismissal of the claims addressed in the November 20, 1996 final agency decision.

---

[1]These claims were the subject of the October 28, 1997 final agency decision.

Counsel for the Plaintiffs must file with the court, no later than September 15, 1999, a more detailed affidavit regarding his regular practice in collecting his mail and whether or not he was in Albuquerque and collected his mail daily during the period beginning November 25, 1996 and ending December 3, 1996. Depending on the contents of Mr. O'Neal's affidavit, Defendant may be allowed to conduct limited discovery regarding the evidentiary basis of the statements made in the affidavit.

I denied the portion of Plaintiffs' motion requesting that I reconsider my decision affirming Magistrate Judge Svet's discovery rulings because Plaintiffs have put forth no new arguments showing that Judge Svet's decisions were clearly erroneous or contrary to law.

I denied Plaintiffs' motion to reconsider the dismissal of Plaintiff O'Neal's claim of gender discrimination for failure to exhaust administrative remedies. In the Supplemental Complaint, Plaintiff O'Neal alleges that she was deprived of authority and not hired as Acting Chief. It is undisputed that Plaintiff O'Neal never filed an administrative complaint regarding those allegations. Consequently, in the January 19, 1999 Memorandum Opinion and Order, I stated that Plaintiff O'Neal's claim in the Supplemental Complaint should be dismissed if the claim was one of gender-based discrimination because the gender discrimination claim was not reasonably related to Plaintiff's prior sexual harassment claim. Memorandum Opinion and Order entered January 19, 1999 at 2.

Unfortunately, Plaintiff O'Neal failed to specify whether her allegations in the Supplemental Complaint constitute a claim of gender discrimination or retaliation. This is a crucial distinction under Tenth Circuit law. In Jones v. Runyon, 91 F.3d 1398, 1401-02 (10th Cir. 1996), the Tenth Circuit Court of Appeals stated that an act of retaliation by an employer

against an employee in retribution for filing an EEOC complaint is in fact "reasonably related" to

that EEOC complaint, eliminating the need for the employee to file a second EEOC complaint for

the act of retaliation. Therefore, while Plaintiff O'Neal's gender discrimination claim is not

reasonably related to her original complaint of sexual harassment, her retaliation claim (should she

intend to assert such a claim) is reasonably related to her earlier complaint of sexual harassment.

However, "a court has jurisdiction to hear an ancillary claim of retaliation *only* when the main

administrative charge is properly before the court." Id. at 1402 (emphasis added). The parties

appear to be in agreement that Plaintiff O'Neal never filed an administrative complaint regarding

her deprivation of authority and Defendant's decision to hire Dr. Bingham as Acting Chief.

Consequently, Plaintiff's retaliation claim as alleged in the Supplemental Complaint should be

dismissed for failure to exhaust administrative remedies unless her underlying EEOC claims are

properly before this court. That, in turn, depends upon the timeliness of Plaintiffs' pursuing their

claims which were the subject of the November 20, 1996 final agency decision.[2]

I withheld ruling on Defendant's motion for summary judgment. Counsel for the Plaintiffs

must submit, no later than September 15, 1999, authority supporting Plaintiffs' argument that

Defendant's mere proposal or plan to move Frank Canizales into the Headquarters West building

on November 24, 1997 constituted illegal harassment or discrimination under Title VII, regardless

of whether or not Mr. Canizales ever actually entered the building.

---

[2] It appears that Defendant also acknowledges the possibility that the allegations in the Supplemental Complaint constitute a charge of retaliation. In regard to another allegation enumerated in the Supplemental Complaint, Defendant states: "The only remaining issue before the Court is the claim by Plaintiffs that Mr. Canizales was present in the building in which they worked on November 24, 1997 and that such presence constituted discrimination against them on the basis of their sex and a retaliation for prior EEO activity." Pretrial Order entered May 18, 1999 at 4-5 (Doc. No. 139).

At the pretrial hearing I discussed with counsel the discoverability of certain documents obtained by Defendant during the background check of Frank Canizales. Because I conclude that the documents are protected by the Privacy Act and do not provide any relevant evidence regarding Plaintiffs' claims, I denied Plaintiffs' request that Defendant be compelled to disclose the documents. However, I also stated that should the documents become relevant for impeachment purposes at the trial of this matter, I would consider disclosing them to the Plaintiffs at that time so that they could be used for impeachment.

I also stated that the Defendant need not disclose a psychiatric report by Dr. Muldawer regarding Frank Canizales. I had ordered the Defendant to perform a psychiatric examination of Mr. Canizales before I would consider Defendant's request that I vacate the injunction preventing Mr. Canizales from entering the Headquarters West Building. Because the Defendant decided not to pursue that request, she did not submit Dr. Muldawer's psychiatric report to the court. Because the purpose of performing the psychiatric exam is now moot, I stated that Defendant need not disclose the report to the Plaintiffs.

In summary, all of the claims of Plaintiffs Beverly Wilkins and Beverly Stewart asserted in the original Complaint have been dismissed for failure to exhaust administrative remedies. See Memorandum Opinion and Order entered January 19, 1999 (Doc. No. 118) at 5-7. Plaintiff Mary Ann O'Neal's claims stated in the original Complaint and addressed in the final agency decision dated November 20, 1996 may or may not be viable, depending on the contents of her counsel's supplemental affidavit and my ruling on the part of the Plaintiffs' motion to reconsider involving the timeliness of those claims. Plaintiffs no longer wish to assert a claim, as set forth in their original Complaint, based on the Defendant's denials of their leave requests. The claims of all

three Plaintiffs that they were subjected to a hostile work environment on August 27, 1997 and October 2, 1997, which are contained in the Supplemental Complaint and addressed in the October 28, 1997 final agency decision, are viable. In the Supplemental Complaint Plaintiff Mary Ann O'Neal made allegations regarding the hiring of Dr. Bingham as Acting Chief and the elimination of some of her authority; if Plaintiff O'Neal had intended to state a claim of gender discrimination or disparate treatment based on those allegations, her claim of gender discrimination or disparate treatment should be dismissed because she failed to exhaust her administrative remedies. However, if Plaintiff O'Neal had intended to state a claim of retaliation based on those allegations, it will not be dismissed unless her underlying claims of sexual harassment as addressed in the November 20, 1996 final agency decision are dismissed for untimeliness.

IT IS THEREFORE ORDERED that:

(1)     Plaintiffs' motion to reconsider (Doc. No. 121) is GRANTED IN PART and DENIED IN PART as explained above;

(2)     Counsel for the Plaintiffs must submit his detailed affidavit and additional briefing no later than September 15, 1999;

(3)     Plaintiff's request for disclosure of the background check on Frank Canizales is DENIED, and

(4)     Plaintiffs' request for disclosure of Dr. Muldawer's report is DENIED.


UNITED STATES DISTRICT JUDGE